UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
02 NOV 27 PM 1:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| CARL WESLEY DYKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 02-B-2852-S |
| ) | |
| CITY OF BIRMINGHAM, ALABAMA; ) | |
| COUNTY OF JEFFERSON COUNTY, ) | |
| ALABAMA; STATE OF ALABAMA; ) | |
| NATIONAL PARKS SERVICE, ) | |
| UNITED STATES DEPARTMENT OF ) | |
| THE INTERIOR, ) | |
| ) | |
| Defendants. ) | |

ENTERED
NOV 27 2002

## MEMORANDUM OPINION

The court has before it the Complaint in this action, filed November 22, 2002, asking the court to permanently enjoin defendants from placing the statue of Vulcan in a public park on publicly owned land, as well as from using public funds for the restoration and maintenance of the statue. (Doc. 1.) Plaintiff contends that such public display and funding of the statue of Vulcan is a violation of the Establishment Clause of the First Amendment.

This Memorandum Opinion, as well as the accompanying Order dismissing plaintiff's claims, is entered *sua sponte*. The court may dismiss plaintiff's complaint, *sua sponte*, for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) when the allegations of a complaint are attenuated, unsubstantial, frivolous, devoid of merit, and/or no longer open

to discussion. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974).[1]

The court notes that the law is well settled that this federal court has no jurisdiction over the State of Alabama by virtue of the Eleventh Amendment. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Further, plaintiff's claims for punitive damages against the government defendants are due to be dismissed because punitive damages are not available against government defendants. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267 1981)("Damages awarded for *punitive* purposes . . . are not sensibly assessed against the governmental entity itself." (emphasis in original)). However, the most fundamental flaw in plaintiff's Complaint is that Vulcan, the statue at issue, has been a secular symbol of Birmingham for many years.[2]

Under the *Lemon* analysis, a statute or practice, in order to be permissible under the Establishment Clause, (1) must have a secular purpose; (2) must neither advance nor inhibit

---

[1]The *Hagans* Court stated:

> Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are "so attenuated and unsubstantial as to be absolutely devoid of merit," *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904); "wholly insubstantial," *Bailey v. Patterson*, 369 U.S. 31, 33 (1962); "obviously frivolous," *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288 (1910); "plainly unsubstantial," *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105 (1933); or "no longer open to discussion," *McGilvra v. Ross*, 215 U.S. 70, 80 (1909).

*Id.*

[2]Vulcan was created in 1904 as an exhibit representing Birmingham at the St. Louis World's Fair.

religion in its primary effect; and (3) it must not create an "excessive entanglement" with religion. *Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971). Vulcan, a representation of the ancient Roman god of the forge, is not an object of "religious significance" in today's society. The world's largest cast-iron statue is recognized as a symbol of Birmingham and the steel industry responsible for the City's early growth. Its continued maintenance and display has a secular purpose, does not advance or inhibit religion, and does not create an excessive entanglement between the government defendants and religion. *See id.*; *see also County of Allegheny v. American Civil Liberties Union*, 492 U.S. 573, 597 (1989)(citing *Lynch v. Donnelly*, 465 U.S. 668 (1984)).

For the foregoing reasons, the court concludes, *sua sponte*, that plaintiff's Complaint is due to be dismissed for lack of subject-matter jurisdiction. A separate Order of Dismissal will be entered.

**DONE** this 27th day of November, 2002.

*[signature: Sharon Lovelace Blackburn]*
**SHARON LOVELACE BLACKBURN**
United States District Judge

3